**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1448**

ASHLEY C. COCKMAN,

                Plaintiff - Appellant,

      v.

CIRCLE K STORES INC.,

                Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Graham C. Mullen, Senior District Judge. (5:18-cv-00061-GCM)

Submitted: May 28, 2020                       Decided: June 3, 2020

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd J. Combs, COMBS LAW, PLLC, Mooresville, North Carolina, for Appellant. Tracey T. Barbaree, Beth A. Moeller, MOELLER BARBAREE LLP, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashley Carson Cockman appeals the district court's order granting summary judgment to Circle K Stores Inc., on Cockman's claims of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (2018) (ADEA), and wrongful discharge under N.C. Gen. Stat. § 143-422 (2019). We affirm.

"We review a district court's grant of summary judgment de novo." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alterations and internal quotation marks omitted). Summary judgment is appropriate "'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id*. (quoting Fed. R. Civ. P. 56(a)). In making this determination, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Id.* (internal quotation marks omitted).

"The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of' the person's age."[*] *EEOC v. Balt. Cty.*, 747 F.3d 267, 272 (4th Cir. 2014) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). To demonstrate a claim under the ADEA, Cockman either had to provide direct evidence of discrimination or demonstrate a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-02 (1973);

---

[*] North Carolina law applies the same standards as the ADEA. *Rishel v. Nationwide Mut. Ins. Co*., 297 F. Supp. 2d 854, 875 (M.D.N.C. 2003) (dismissing North Carolina wrongful discharge claim because the ADEA claim failed).

*Mereish v. Walker*, 359 F.3d 330, 333-35 (4th Cir. 2004) (applying *McDonnell Douglas* framework to ADEA claims). Because Cockman failed to present direct evidence of age discrimination, he had to proceed under the *McDonnell Douglas* burden-shifting framework. To establish a prima facie case of age discrimination under *McDonnell Douglas*, Cockman had to demonstrate that: "(1) he is a member of a protected class, (2) he suffered an adverse employment action (such as discharge), (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) his position remained open or was filled by a similarly qualified applicant outside the protected class." *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006).

If the plaintiff makes a prima facie showing, then the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment action. *Dugan v. Albemarle Cty. Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002). If the employer comes forward with such a reason, "the burden reverts to the plaintiff to establish that the employer's nondiscriminatory rationale is a pretext for intentional discrimination." *Heiko v. Colombo Sav. Bank*, 434 F.3d 249, 258 (4th Cir. 2006). To do so, the plaintiff must "show that the employer's proffered explanation is unworthy of credence, thus supporting an inference of discrimination, or offer other forms of circumstantial evidence sufficiently probative of intentional discrimination." *Dugan*, 293 F.3d at 721.

The district court held that Cockman failed to establish a prima facie case, stating that the evidence and Cockman's own admissions "overwhelmingly" showed that Cockman was not meeting Circle K's expectations under the Light of Day policy, which

required every employee to treat other employees with respect. We agree with the district court that the evidence that Cockman violated the policy is overwhelming. Multiple coworkers and vendors complained to Circle K's human resources department and to Cockman's supervisors, who counseled Cockman about his communications and the Light of Day policy. Circle K warned Cockman that he was in violation of the policy and that failure to improve could result in the termination of his employment. Despite this warning, Cockman made derogatory comments regarding his supervisor one week later. In the face of this evidence, Cockman failed to establish that he was meeting Circle K's expectations. We further conclude that the district court properly held that, in any event, Circle K had a legitimate, nondiscriminatory reason for terminating Cockman's employment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4